IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 05-0218 -CG |
| | ) | |
| PHILLIP WAYNE GARDNER, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This matter is before the court on the motion of defendant, Phillip Wayne Gardner, to dismiss (Doc. 11) and the United States' response thereto (Doc. 14). The court finds that 18 U.S.C. § 2252A is not facially unconstitutional and that the indictment alleges the requisite interstate commerce nexus. Therefore, defendant's motion to dismiss is due to be DENIED.

The defendant claims that 18 U.S.C. § 2252A is unconstitutional on its face and as applied to this case. The defendant is charged with a violation of § 2252A(a)(5)(B) of Title 18 of the United States Code which applies to:

> "[a]ny person who . . . knowingly possesses any [child pornography] that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using material that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer . .

Ibid.  The indictment in this case charges defendant with knowingly possessing a computer hard drive and compact disc both of which contained images of child pornography "that had been mailed and shipped and transported in interstate and foreign commerce by any means, including computer." (Doc. 1).

Defendant contends that the analysis in United States v. Maxwell, 386 F.3d 1042 (11th Cir.

2004) suggests that § 2252A is unconstitutional.  However, in Maxwell, the Eleventh Circuit merely concluded that the application of § 2252(a)(4)(B) was unconstitutional where the interstate transfer of blank computer disks was the sole connection to interstate commerce introduced at trial. Id. at 1049.  The Maxwell case involved no apparent connection to activity beyond Florida.  Id. at 1054;  see also id. at 1058 ("As far as interstate commerce is concerned, Maxwell has done nothing more than possess two disks that traveled from out-of-state.").   In Maxwell, the United States did not allege or prove that the pornography was obtained through the use of the Internet or any other channel of interstate communication; nor did it establish that the child pornography at issue ever traveled across state lines.  Jurisdiction was premised on establishing that the images were produced using materials that had traveled in interstate commerce. Id. at 1042.  Based on those particular facts, the Court determined that federal prosecution for possession of child pornography could not be supported by the sole fact that the disks on which the pornography was copied had traveled in interstate commerce before they contained the images.  The Court specifically stated that it did not reach the question of whether § 2252A is facially invalid. Id. at 1052, n. 12.

The defendant next argues that the Court expanded Maxwell in United States v. Smith, 402 F.3d 1303 (11th Cir. 2005) and held that "the fact that the images traveled through interstate commerce does not sufficiently impact interstate commerce in such a manner as to give rise to the regulation of an otherwise intrastate activity." (Doc. 11, p .7).  The Court in Smith found that the defendant's purely intrastate, noncommercial activities did not substantially affect interstate commerce; however, the only evidence of interstate commerce was the fact that the film, photo paper, and film processor used to produce the pictures had once traveled in interstate commerce.

As in <u>Maxwell</u>, the only interstate connection was that the images were produced using materials that had been mailed, shipped, or transported in interstate of foreign commerce. Thus, while a conviction based on materials that traveled through interstate commerce may be subjected to close scrutiny to determine that the particular facts of the case establish that the activity has a substantial effect on interstate commerce, the Eleventh Circuit has not determined that the statute is facially unconstitutional.

In the instant case, the indictment alleges that the images of child pornography were "mailed and shipped and transported in interstate and foreign commerce."  The court finds that the allegations contained in the indictment aver the requisite connection to interstate commerce.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss (Doc. 11) is **DENIED**.

**DONE** and **ORDERED** this 12th day of September, 2005.

      /s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE